Francis X. Conlon, J.
Defendant moves for an order pursuant to rule 3211 (subd. [a], pars. 3, 7) of the Civil Practice Law and Buies dismissing the amended complaint and each cause of action therein alleged upon the ground that the action is not prosecuted by the real party in interest, that the party has not legal capacity to sue, and the complaint is legally insufficient. This is not a derivative stockholders’ suit. The only tenable ground for dismissal is that plaintiff is not the party in interest. Defendant, alleged to be in a position of trust to the plaintiff and to its minority stockholders, sold a block of control shares to Adson Industries, Inc., in breach of his fiduciary duty and to the disadvantage of the minority stockholders. Thereafter plaintiff was merged into Adson which controls the prosecution of this litigation, instituted pursuant to agreement between the corporations for the benefit of the minority stockholders. The latter after the sale and agreement to merge did upon merger receive stock of Adson in exchange for shares of the plaintiff held by them.
Plaintiff argues the causes of action accrued at a time when Adson was not the owner of all of plaintiff’s stock and plaintiff had the right to commence the action, although it was done after agreement with Adson that the action should be instituted, and, therefore, the action did not accrue to Adson. However, it is further argued that upon merger and by reason thereof Adson lawfully succeeded to the right to continue the maintenance of the action.
The difficulty with plaintiff’s position is that nothing is alleged of injury to it as a result of the sale of control stock. What plaintiff desired was merger and upon sale of the control shares merger was effected. While disadvantage may have accrued to the minority stockholders, yet it was not such disadvantage or injury that accrued to the corporation and for which it may recover in any action instituted on its behalf. Both parties rely on Perlman v. Feldmann (219 F. 2d 173, cert. den. 349 U. S. 952). That was a derivative stockholders’ suit in which defendants sold control shares and were held to be in a fiduciary position to the corporation and the minority stockholders. However, the complaint concerned not only sale of control stock to the advantage of the sellers, but of sale to the end-users of the corporation’s product with the right to control distribution and to *419 deprive the corporation of business opportunities. Here no injury or damage is shown save with respect to claimed loss of value of the stock of the minority stockholders in connection with the exchange for stock of the merged company.
The motion is granted and the complaint is dismissed.